UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT BRAY,

    Petitioner,

vs.

JACK PALMER, *et al.*,

    Respondents.

3:11-cv-00448-LRH-VPC

**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court are motions by both parties: the first is petitioner's motion for district judge to reconsider order (ECF #26). Also before the court is respondents' motion to dismiss (ECF #12). Petitioner has opposed that motion (ECF #29), and respondents have replied (ECF #30).

**I. Procedural History and Background**

Petitioner was arrested in Reno, Nevada in August of 1997 and charged with three counts of armed robbery and three counts of ex-felon in possession of a firearm (exhibits to motion to dismiss, ECF #12, ex.'s 3, 59).[1] Petitioner invoked his right pursuant to Nevada Revised Statute § 178.556(2) to a trial within sixty days of arraignment. Subsequently, newly appointed counsel Bob Bell requested a continuance and petitioner waived his right to a trial within sixty days of his arraignment. The state district court set trial for January 26, 1998 (ex. 14).

---

[1] All exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF #12 and are found at ECF #s 13-17, 19 and 20.

On October 15, 1997, petitioner escaped from the Washoe County Jail. As a result, the State of Nevada filed a criminal complaint charging petitioner with escape and the Reno Justice Court issued an arrest warrant. A hold request was issued on the escape charge on October 15, 1997 (ex. 59).

On October 22, 1997, petitioner was arrested in San Diego, California for felony offenses committed following Bray's escape from the Washoe County Jail. In July of 1998, a California state court sentenced petitioner to serve eleven years in prison in California. When petitioner failed to appear in state district court in Nevada for his January 1998 trial on the pending armed robbery and possession of weapon charges, the state district court issued a bench warrant for petitioner's arrest (ex.'s 20, 59).

On September 17, 2007, while serving his California sentence, petitioner received a notice pursuant to the Interstate Agreement on Detainers (IAD) addressing all of the pending, untried robbery charges, weapons possession charge and escape charge. Petitioner formally requested a final disposition of the listed charges. Petitioner had received prior IAD notices related to these charges that appear to have suffered from various defects, and interacted with California prison officials regarding those notices–California prison officials may have given him incorrect information about how to respond to at least one notice–but the 2007 request was the first time petitioner notified the Washoe County District Attorney's office and the state district court of his desire to bring the pending, untried charges to final disposition (ex. 59).

Petitioner returned to Washoe County in the fall of 2007, and the state district court appointed an attorney from the Washoe County Alternate Public Defender's office, Carter Conway, to represent petitioner. Conway testified at the evidentiary hearing on petitioner's state habeas petition that he investigated petitioner's case with respect to the possibility of filing a motion to dismiss based on violations of the IAD. He testified that he advised petitioner of his conclusion that such a motion was not likely to succeed. Both Conway and the petitioner testified that with petitioner's consent, counsel began negotiating with the State to reach a final resolution to the charges (ex.'s 48, 59).

Pursuant to negotiations with the State, on April 3, 2008, petitioner entered a guilty plea to a single count of armed robbery (ex. 25). On May 12, 2008, the state district court entered judgment and sentenced petitioner to two consecutive terms of 36 to 120 months for the armed robbery and deadly weapon enhancement (ex. 27). Petitioner did not file a direct appeal.

On April 1, 2009, petitioner filed a state postconviction petition for writ of habeas corpus. He asserted the following claims: (1) ineffective assistance of counsel; (2) violation of his rights to a speedy trial and due process; and (3) violation of his Fifth, Sixth and Fourteenth Amendment rights based on the State's failure to comply with the IAD (ex. 30). He also filed a supplemental state habeas petition that asserted that violations of the IAD violated his constitutional rights to a speedy trial and due process and that he was denied his constitutional right to effective assistance of counsel (ex. 39).

On July 30, 2010, the state district court denied his state petition (ex. 59). Petitioner appealed, and the Nevada Supreme Court affirmed the denial of the petition on June 8, 2011 (ex. 83). The Nevada Supreme Court determined that petitioner's IAD claims were procedurally defaulted and that the denial of relief for his ineffective assistance of counsel claims was supported by substantial evidence (*id.*).

Petitioner dispatched this federal habeas petition for writ of habeas corpus to this court on June 20, 2011 (ECF #7). This court denied petitioner's motion for appointment of counsel on July 22, 2011 (ECF #6) and denied a second motion for appointment of counsel on November 4, 2011 (ECF #25). Petitioner has filed a motion for district judge to reconsider order denying motion for counsel (ECF #26), to which the court turns first.

**II. Motion to Reconsider Order Denying Second Motion for Appointment of Counsel**

On November 23, 2011, petitioner filed a motion for district judge to reconsider its order denying his second motion for appointment of counsel (ECF #26). Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief

3

1         from the operation of the judgment.

2 Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin*
3 *Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party
4 must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior
5 decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986),
6 *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal
7 Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later
8 than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should
9 not be granted, absent highly unusual circumstances, unless the district court is presented with newly
10 discovered evidence, committed clear error, or if there is an intervening change in the controlling law."
11 *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253,
12 1255 (9th Cir. 1999).

13         In the order of November 4, 2011, the court denied petitioner's second motion for appointment
14 of counsel, observing for the second time that the petition in this action appears sufficiently clear in
15 presenting the issues that petitioner wishes to raise (ECF #25). Petitioner argues in his motion for
16 reconsideration that he suffers from early-stage dementia (ECF #26). However, based on his petition
17 and his opposition to the motion to dismiss, he does not appear to be incapable of fairly presenting his
18 claims. Further, the complexities of this case do not appear to be such that the denial of counsel would
19 amount to a denial of due process. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d
20 948 (8th Cir.1970). In sum, petitioner has failed to make an adequate showing under either Rule 60(b)
21 or 59(e) that this court's order denying his second motion for appointment of counsel should be reversed.
22 Accordingly, petitioner's motion for district judge to reconsider order denying counsel (ECF #26) is
23 denied.

24 **III. Respondents' Motion to Dismiss Federal Habeas Petition**

25         Respondents argue that the petition should be dismissed as unexhausted and procedurally barred.

26     **A. Exhaustion Standard**

27         A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has
28 exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28

U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

**B. Procedural Bar**

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530

**C. Petition in the Instant Case**

### 1. Ground 1

In ground 1 of the federal petition, petitioner alleges the following violations of his Sixth Amendment right to effective assistance of counsel: (A) counsel Robert Bell failed to investigate, interview or seek the deposition of an alibi witness; (B) counsel Bell failed to activate or otherwise facilitate the detainer notification that petitioner received in March 1999 in order to resolve the untried armed robbery charges against him; and (C) subsequent counsel Cotter Conway failed to file a pre-trial motion to dismiss the escape and armed robbery charges for failure to timely try petitioner pursuant to the IAD (ECF #7).

Respondents argue that ground 1(A) is unexhausted. They point out that petitioner never alleged in the fast track statement filed on appeal of the denial of his state habeas petition that Bell was ineffective with respect to an alibi witness (ex. 77). Respondents are correct. Accordingly, ground 1(A) is unexhausted.

### 2. Grounds 2 and 3

In ground 2, petitioner alleges that the failure to timely try him on the Nevada armed robbery and escape charges while he was incarcerated in California pursuant to his rights under the IAD violated his Sixth Amendment right to a speedy trial (ECF #7 at 5). In ground 3, petitioner alleges that such failure to timely try him also violated his Fourteenth Amendment right to due process (ECF #7 at 7). Respondents argue that grounds 2 and 3 are procedurally barred (ECF #12 at 6-7).

In this case, petitioner pleaded guilty to one count of armed robbery (ex. 25). Under Nevada law, the only claims that may be brought in a petition for writ of habeas corpus challenging a judgment of conviction based on a guilty plea are those claims that allege the plea was involuntary or unknowingly entered, or that the plea was entered without effective assistance of counsel. Any other claims must be dismissed. Nev. Rev. Stat. § 34.810(1)(a); *Kirksey v. State*, 112 Nev. 980, 923 P.2d 1102 (1996). The Nevada Supreme Court explicitly relied on this procedural bar when it declined to review the claims of the state habeas petition that correspond to grounds 2 and 3 of the federal habeas petition (ex. 83 at 1). The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the

1  procedural bar at issue in this case – Nev. Rev. Stat. § 34.810 – is an independent and adequate state
2  ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d
3  1207, 1210-12 (9th Cir. 1999).

4  Therefore, this court finds that the Nevada Supreme Court's holding that the state habeas claims
5  that correspond to grounds 2 and 3 of the federal habeas petition were procedurally barred under NRS
6  34.810(1)(a) was an independent and adequate ground for the court's dismissal of those claims in the
7  state-court petition. In his opposition to respondents' motion to dismiss, petitioner argues that the
8  Nevada Supreme Court did not determine that these grounds were procedurally barred (ECF #29);
9  however, this assertion is belied by the record (ECF #83 at 1). Petitioner presents no argument
10 concerning cause and prejudice other than this assertion. Accordingly, the court grants respondents'
11 motion to dismiss grounds 2 and 3 as procedurally barred.[2]

## IV. Petitioner's Options Regarding His Unexhausted Claim

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court finds that grounds 2 and 3 are dismissed and that ground 1(A) is unexhausted. Because the court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claim, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal

---

[2] The court notes that respondents argue that grounds 2 and 3 are also barred by *Tollett v. Henderson*. 411 U.S. 258 (1973). In post-guilty-plea habeas cases, "while claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not themselves independent grounds for federal collateral relief." *Tollett*, 411 U.S. at 267. This is because "a guilty plea represents a break in the chain of events which has preceded it in the criminal process," therefore, "[a petitioner] may only attack the voluntary and intelligent character of the guilty plea by showing that the advice received from counsel was not within [the range of competence demanded of attorneys in criminal cases.]" *Id. See also Mitchell v. Superior Court for Santa Clara County*, 632 F.2d 767, 769 (9th Cir. 1980); *U.S. v. Benson*, 579 F.2d 508, 510 (9th Cir. 1978).

8

habeas claims while he returns to state court to exhaust his unexhausted claim.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005).

The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Rhines, 544 U.S. at 277.

Accordingly, petitioner would be required to show good cause for his failure to exhaust his unexhausted claim in state court, and to present argument regarding the question whether or not his unexhausted claim is plainly meritless. Respondent would then be granted an opportunity to respond, and petitioner to reply.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**V. Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's motion for district judge to reconsider order (ECF #26) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents' motion for leave to file exhibits under seal (ECF #18) is **GRANTED**.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss the petition (ECF #12) is **GRANTED in part, and DENIED in part**, as follows:

1. Ground 1(A) is unexhausted.

2. Grounds 2 and 3 are **DISMISSED** as procedurally barred.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claim; **OR (3)** file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claim. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted ground, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated this 28th day of March, 2012.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE