**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ROBERT BRAY,                          )
                                      )
                Petitioner,           )        3:11-cv-00448-LRH-VPC
                                      )
vs.                                   )        **ORDER**
                                      )
JACK PALMER, *et al.*,                )
                                      )
                Respondents.          )
_____/

On March 29, 2012, the court granted respondents' motion to dismiss this petition for a writ of habeas corpus in part (ECF #31).  Before the court is petitioner's motion for reconsideration (ECF #33) and respondents' opposition (ECF #34).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b).  *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief

1    from the operation of the judgment.

2    Motions to reconsider are generally left to the discretion of the trial court.  *See Combs v. Nick Garin*

3    *Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987).  In order to succeed on a motion to reconsider, a party

4    must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

5    decision.  *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986),

6    *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).  Rule 59(e) of the Federal

7    Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later

8    than 28 days after entry of the judgment."  Furthermore, a motion under Fed. R. Civ. P. 59(e) "should

9    not be granted, absent highly unusual circumstances, unless the district court is presented with newly

10   discovered evidence, committed clear error, or if there is an intervening change in the controlling law."

11   *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253,

12   1255 (9th Cir. 1999).

13        In the order of March 29, 2012, the court granted respondents' motion to dismiss in part,

14   concluding that petitioner had failed to exhaust ground 1(A) and that grounds 2 and 3 were procedurally

15   barred (ECF #31).  Petitioner argues in his motion for reconsideration that the court erred in determining

16   that grounds 2 and 3 were procedurally barred (ECF #32).  He claims that because these grounds allege

17   violations of his due process and speedy trial rights, they "substantially impact the substantive

18   jurisdiction of the trial court," and that jurisdictional challenges may be brought at any time and cannot

19   be waived or procedurally defaulted.  *Id*. at 3-4.  He also argues that grounds 2 and 3 are constructively

20   exhausted.  *Id*. at 5-6.

21        In their opposition, respondents argue that petitioner fails to present any newly discovered

22   evidence or a change in the law, and fails to demonstrate that the court's order resulted in clear error or

23   manifest injustice (ECF #36).  They further contend that grounds 2 and 3, which assert violations of

24   petitioner's speedy trial and due process rights arising from delay in bringing him to trial are non-

25   jurisdictional claims that are waived by the entry of a guilty plea.  *Tollett v. Henderson*, 411 U.S. 258,

26   267 (1973); *U.S. v. O'Donnell*, 539 F.2d 1233, 1236-36 (9th Cir. 1976), superseded on other grounds as

27   recognized by *U.S. v. Smith*, 60 F.3d 595 (9th Cir. 1995).  They also argue, *inter alia*, that petitioner does

28   not identify the nature of the ineffective assistance of counsel claim that he wishes to rely upon to

establish cause or how that claim establishes cause for his default of grounds 2 and 3, nor does he present any argument to demonstrate actual prejudice (ECF #34 at 5).

Petitioner's arguments are without merit.  He fails to make any showing under either Rule 60(b) or 59(e) that the portion of this court's order finding that grounds 2 and 3 of his federal habeas petition are procedurally barred should be reversed.  Accordingly, petitioner's motion for reconsideration (ECF #33) is denied.

Petitioner is reminded that, because the court found that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1.   He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claims;

2.   He may return to state court to exhaust his unexhausted claim, in which case his federal habeas petition will be denied without prejudice; or

3.   He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claim.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits.  *Rhines v. Weber*, 544 U.S. 269, 276, (2005).  The *Rhines* Court stated:

[S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Rhines, 544 U.S. at 277.

Accordingly, petitioner would be required to show good cause for his failure to exhaust his unexhausted claim in state court, and to present argument regarding the question whether or not his unexhausted claim is plainly meritless.  Respondent would then be granted an opportunity to respond, and petitioner to reply.

Petitioner has thirty (30) days from the date of entry of this order to select one of the options outlined again above.  Petitioner's failure to choose any of the three options listed above, or seek other

3

appropriate relief from this court, will result in his federal habeas petition being dismissed.  Petitioner is again advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

IT IS THEREFORE ORDERED that petitioner's motion for district judge to reconsider order on motion to dismiss (ECF #33) is DENIED.

IT IS FURTHER ORDERED that petitioner's motion to extend time to file a motion for reconsideration (ECF #32) is DENIED as moot.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claim; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claim.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

IT IS FURTHER ORDERED that if petitioner elects to abandon his unexhausted ground, respondents shall have thirty (30) days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days following service of respondents' answer in which to file a reply.

IT IS FURTHER ORDERED that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated this 5th day of June, 2012.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4